UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN M. WELZEL,<br><br>　　Plaintiff,<br><br>　　v.<br><br>RICHARD BERNSTEIN *et al.*,<br><br>　　Defendants. | Civil Action No.  03-1887 (ESH/JMF) |

**MEMORANDUM OPINION**

This case was referred to me by Judge Huvelle to resolve all discovery disputes. The only outstanding motion is Plaintiff's Motion to Compel Inspection ("Plains. Mot."). For the reasons stated herein, plaintiff's motion will be granted.

**BACKGROUND**

Plaintiff, Karen M. Welzel, was formerly employed as the Corporate Director of Human Resources of defendant, RB Associates, Inc., a real estate ownership, management, and development company operating in the Washington, D.C. metropolitan area. Memorandum Opinion of August 16, 2005 ("Mem. Op.") at 1. In her current motion, plaintiff seeks to compel defendants to allow her to inspect their corporate headquarters, located at 1054 31st Street, NW, Suite 1000 in Washington, D.C. Plains. Mot. at 27. In my earlier opinion, I indicated that "[a]part from perhaps obtaining some limited information as to the makeup of defendant's employee population, it is not clear what relevant information or information reasonably calculated to lead to admissible information will be obtained from a tour of defendant's properties." Mem. Op. at 9. I therefore ordered plaintiff to show cause why the motion should

not be denied. Id.  Plaintiff has since responded to my motion.

## DISCUSSION

The gravamen of plaintiff's complaint is that, while working for defendant, she was subjected to gender discrimination and was retaliated against when she attempted to oppose this and numerous other discriminatory practices.  In support of her motion to compel the inspection of defendants' headquarters, plaintiff argues simply that courts have allowed parties to use demonstrative evidence such as videotape, photographs, and measurements if it is relevant and will assist the trier of fact. Reply to Defendant's Opposition to the Response of Plaintiff to the Show Cause Order of August 16, 2005 Regarding Inspection at 9.  Plaintiff also contends that "[e]vidence depicting the layout of the first floor, the glass walls, and the close proximity of Martens's[1] office and Welzel's office make her account of isolation, restrictions on her job duties, replacement of professional H.R. functions with clerical tasks and unrelenting hostility from Martens more credible." Response at 34.  Defendants counter that the information plaintiff seeks about the physical layout of defendants' headquarters is not relevant to plaintiff's claims and that plaintiff's motion to compel the inspection was intended solely to annoy and harass defendants. Defendants' Opposition to Plaintiff's Response to Order of August 16, 2005, to Show Cause with Respect to Rule 34 Inspection of RB Associates Headquarters (As Corrected) at 8.

"Any party may serve on any other party a request . . . (2) to permit entry upon designated

---

[1] James Martens is defendants' Executive Vice President and Chief Financial Officer. Plaintiff's Response to Order of August 16, 2005, to Show Cause with Respect to Rule 34 Inspection of RB Associates' Headquarters (As Amended and Corrected 9/2/05) (Footnotes added 9/14/05) ("Response") at 21.

land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, with the scope of Rule 26(b)." Fed. R. Civ. P. 34(a).  In addition, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . [and] [r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  If the parties differ as to whether an inspection is appropriate, the court must balance the respective interests by weighing "'the degree to which the proposed inspection will aid in the search for truth'" against the "'burdens and dangers created by the inspection.'" McKesson Corp. v. Islamic Republic of Iran, 185 F.R.D. 70, 76 (D.D.C. 1999). Id. (citations omitted).  Whether or not to permit an inspection pursuant to Rule 34 is within a court's discretion. Belcher v. Bassett Furniture Indus., Inc., 588 F.2d 904, 907 (4th Cir. 1978) (citations omitted).

　　　　In cases in which a site inspection has been allowed, the rationale has often been because the specific location relates to the subject matter of the cause of action.  See McKesson Corp. v. Islamic Republic of Iran, 185 F.R.D. at 72 (holding that American company was entitled to inspect premises of Iranian dairy facility because valuation of the facility was key to determining whether the Iranian government had expropriated the American company's equity interest in the facility); Minnesota Mining and Mfg. Co., Inc. v. Nippon Carbide Indus. Co., Inc., 171 F.R.D. 246, 248-49 (D. Minn. 1997) (holding that inspection of one of defendant's manufacturing plants was justified upon the theory that a physical inspection of the plant was the most efficient means of determining whether or not defendant had infringed upon one of plaintiff's patented processes

and noting further that one of the central issues in the case was not just the manufacturing process but also the qualitatively subjective language used to describe the process); <u>Eirhart v. Libbey-Owens-Ford Co.</u>, 93 F.R.D. 370, 371 (N.D. Ill. 1981) (holding that plaintiff in Title VII action was entitled to inspect production line at one of defendant's factories because cause of action was based on allegations that defendant's height and weight requirements discriminated unlawfully against female applicants).

Alternatively, in one instance, an inspection was permitted in a case in which the information was sought merely as background information and as corroboration for certain witnesses' testimony. In <u>Banks v. The Interplast Group, Ltd.</u>, No. 02-CV-92-V, 2003 WL 21185685, at *1 (S.D. Texas April 16, 2003), plaintiff sued his employer for sexual and racial harassment under Title VII. In granting plaintiff's motion for an inspection of his former workplace, the court stated the following: "Photographs can make the presentation of evidence on physical distances and locations much clearer and more concise than verbal testimony alone and can easily resolve factual disputes regarding these matters." <u>Id.</u>  The court also noted that because plaintiff had the burden of showing that his employer knew or should have known about the harassment that was taking place, evidence as to the physical layout of the workplace was relevant. <u>Id.</u>

As in <u>Banks</u>, plaintiff seeks an inspection of defendants' headquarters in order to support her claims of discrimination and retaliation and although testimentary evidence about the physical layout of defendants' headquarters has already been obtained, the court sees no reason why plaintiff should not be allowed to also obtain demonstrative evidence of how it was that her treatment by defendants was exacerbated by virtue of the office's configuration.  In other words,

plaintiff may argue, for example, that she suffered heightened emotional distress by virtue of the fact that the office had glass walls and that other employees were keenly aware of how she was being treated.  Furthermore, even though defendants argue that plaintiff's counsel has visited defendants' headquarters on several occasions, defendants have not been there for the express purpose of inspecting the premises.  Finally, having previously allowed for the taking of depositions at defendants' headquarters, defendants cannot now be heard to argue that allowing plaintiff limited access to the premises once again would be overly burdensome.  Plaintiff will, therefore, be permitted to inspect defendants' headquarters for one hour, at a time mutually convenient for the parties, and will be permitted to either take photographs or create a videotape, or both.  As plaintiff's focus is on one small suite of offices, one hour should be more than sufficient.

      An Order accompanies this Memorandum Opinion.

Dated:                                                                             JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE